THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MAX MARMER, an individual; et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JOSEPH P. FIRMAGE, an individual; et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:23-cv-00580-JNP-JCB**<br><br>**Chief District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Before the court is Defendants Kenneth E. Wilber, Robert A. Richards, Colin Bigelow, 21 C Corporation, and Integral Initiatives, LLC's (collectively, "Wilber Defendants") motion to extend the deadline to move for a protective order to maintain the Attorneys' Eyes Only ("AEO") designation they placed on certain documents (collectively, "Documents") under the court's Standard Protective Order ("SPO").[2] For the reasons explained below, the court denies the motion.

## BACKGROUND

The dispute raised by the Wilber Defendants' motion centers on the AEO challenge procedure set forth in the SPO. The prior version of the SPO ("Prior SPO")[3]—which governs in

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). ECF No. 37.

[2] ECF No. 107.

[3] The Prior SPO can be found at: https://www.utd.uscourts.gov/civil-case-scheduling.

cases filed prior to December 1, 2023—provides the following procedure in Paragraph 9 for AEO challenges:

> (a) Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.
>
> (b) Any receiving party may disagree with the designation of any information received from the producing party as [AEO]. In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise than is permitted in [the SPO], may request the producing party in writing to change the designation of a document or documents, stating with particularity the reasons for that request, and specifying the category to which the challenged document(s) should be de-designated[.] The producing party shall then have seven (7) days from the date of service of the request to:
>
> > (i) advise the receiving parties whether or not it persists in such designation; and
> >
> > (ii) if it persists in the designation, to explain the reason for the particular designation and to state its intent to seek a protective order or any other order to maintain the designation.
>
> (c) If no response is made within seven (7) days after service of the request under subparagraph (b), the information will be de-designated to the category requested by the receiving party. If, however, the request under subparagraph (b) above is responded to under subparagraph (b)(i) and (ii), within seven (7) days the producing party may then move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within seven (7) days after the statement to seek an order under subparagraph (b)(ii), the information will be de-designated to the category requested

> by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the [c]ourt (or to any limited extent upon which the parties may agree).
>
> No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

The current version of the SPO (“Current SPO”)[4]—which governs in cases filed on or after December 1, 2023—provides the following procedure in Paragraph E for AEO challenges:

> (1) A party may challenge the producing party’s designation of [AEO] at any time.
>
> (2) To challenge the designation of [AEO], the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:
>
> (a) a prompt written communication sent to the producing party identifying the information, documents, or other materials at issue and specifying why they believe the designation is improper; and
>
> (b) a request that the producing party meet and confer, including suggested dates and times.
>
> (3) If the parties are unable to resolve the dispute after engaging in reasonable efforts in section (E)(2)(a)-(b), the receiving party may file a motion consistent with DUCivR 7-1(a)(4)(D). The motion must include a certification that states:
>
> (a) the parties made reasonable efforts to reach agreement on the disputed matters;

[4] The Current SPO can be found at: https://www.utd.uscourts.gov/civil-case-scheduling.

(b) the date, time, and method of the reasonable efforts; and

(c) the names of all participating parties or attorneys.

(4) The producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve the dispute or respond to an appropriately filed motion may result in the designation as requested by the receiving party.

Because Plaintiffs filed this case on August 30, 2023,[5] the Prior SPO governs. On July 16, 2026, the Wilber Defendants provided the Documents to Plaintiffs with an AEO designation under the SPO.[6] On August 5, 2026, Plaintiffs requested that the Wilber Defendants remove the AEO designation from the Documents.[7] On August 13, 2026—eight days after Plaintiffs' request—the Wilber Defendants responded by indicating that they would be filing a motion to preserve the AEO designation on the Documents.[8] No such motion was filed.

According to the Wilber Defendants, they believed that the procedure for challenging AEO designations under the Current SPO controlled, which is why they did not move for a protective order to maintain the AEO designation on the Documents.[9] Now, the Wilber Defendants assert that they "appear[] to have been in error about which SPO controls."[10]

---

[5] ECF No. 1.

[6] ECF No. 107 at 1-2.

[7] *Id*. at 2.

[8] ECF No. 111 at 1-2.

[9] ECF No. 107 at 2.

[10] *Id*.

Consequently, the Wilber Defendants now move for an extension of the deadline to file a motion for protective order under the Prior SPO to maintain the AEO designation on the Documents.[11]

## Analysis

The court denies the Wilber Defendants' motion. Because the Wilber Defendants move for an extension of time to file a motion for protective order under the Prior SPO well after the deadline for doing so, their motion is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Accordingly, the Wilber Defendants must show both good cause and excusable neglect for their motion to be granted.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[12] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[13]

---

[11] ECF No. 107.

[12] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[13] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

"[G]ood cause requires a greater showing than excusable neglect."[14] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[15] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[16]

To determine whether the lesser standard of excusable neglect is satisfied,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[17]

---

[14] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[15] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[16] *Id.* at 701 (citation modified).

[17] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citation modified); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), its analysis rested on the plain meaning of the terms" and that, accordingly, "the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified)).

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor in determining whether neglect is excusable.'"[18] "'An inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[19]

As an initial matter, the Wilber Defendants fail to reference or argue the standards for good cause and excusable neglect. Nevertheless, the court considers the relevant factors to determine whether the Wilber Defendants have established excusable neglect. After concluding that they have not satisfied that standard, the court necessarily determines that they cannot meet the higher standard of good cause.

The first, second, and fourth factors all favor a finding of excusable neglect. Considering the first factor, the court cannot see, and Plaintiffs have not identified, any prejudice imposed on them by granting the Wilber Defendants' motion. With respect to the second factor, the length of the delay is minimal and has not significantly impacted the proceedings. As for the fourth factor, there is no evidence that the Wilber Defendants acted in bad faith.

However, consideration of the third and most important factor, by itself, mandates the conclusion that the Wilber Defendants have not established excusable neglect. The Wilber Defendants' sole reason for failing to file a timely motion for a protective order under the Prior SPO is that they "appear[] to have been in error about which SPO controls."[20] Because that error

---

[18] *Shifers*, 2018 WL 6620865, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (citation modified).

[19] *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (citation modified).

[20] ECF No. 107 at 2.

"'was within the reasonable control of'" the Wilber Defendants,[21] their stated reason cannot satisfy the excusable neglect standard. Further, "it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."[22] Accordingly, the Wilber Defendants fail to establish excusable neglect. Given that conclusion, it logically follows that the Wilber Defendants cannot satisfy the higher standard of good cause. Therefore, the court denies the Wilber Defendants' motion.

## ORDER

For the reasons stated above, the court HEREBY ORDERS that the Wilber Defendants' motion to extend the deadline to move for a protective order under the Prior SPO to maintain the AEO designation they placed on the Documents[23] is DENIED.

IT IS SO ORDERED.

DATED this 20th day of November 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[21] *Shifers*, 2018 WL 6620865, at *3 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

[22] *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005); *see also United States v. Torres*, 372 F.3d 1159, 1163-64 (10th Cir. 2004) (providing that "misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief" under the excusable neglect standard "unless the word 'excusable' is to be read out of the rule" (citation modified)).

[23] ECF No. 107.